IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD V. PORRECA, et al., )<br>)<br>Plaintiffs/Consolidated Plaintiffs, )<br>)<br>v. )<br>)<br>ALTERNATIVE ENERGY HOLDINGS, LLC; )<br>KEVIN T. CARNEY; ROBERT IREY; )<br>JONATHAN FREEZE; DODARO, MATTA & )<br>CAMBEST, P.C.; DMC BRADLEY, )<br>MICHAEL J. HAMMOND; and )<br>STEVEN M. TOPRANI., )<br>)<br>Defendants. ) | Civil Action No. 19-854 |

| |
|---|
| DODARO, MATTA & CAMBEST, P.C., )<br>DMC BRADLEY, MICHAEL J. HAMMOND, )<br>and STEVEN M. TOPRANI, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CATLIN INSURANCE COMPANY, INC., )<br>)<br>Defendant. ) |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

**A. Background**

This matter comes before the Court upon a request made by Plaintiffs Donald V. Porreca, Ryan S. Seifert, Michael K. Geller, Ronald C. Schmeiser, Darren Burrow, and Jack Levin ("Plaintiffs"), in their Supplement to Plaintiffs' Motion to Compel Discovery ("Supplement"), filed in the above-captioned action on November 9, 2020. (Docket No. 155). In their

1

Supplement, Plaintiffs advise the Court of their understanding that, in accordance with the September 15, 2020 Order by Judge Arthur J. Schwab in this matter, Defendants Dodaro, Matta & Cambest, P.C., DMC Bradley, Michael J. Hammond, and Steven M. Toprani (collectively, "the DMC Defendants")[1] have produced documents identified in their privilege log to the Court for *in camera* review.[2]  (Id. at ¶¶ 2, 4).  Plaintiffs also note, however, their understanding that Defendant Kevin T. Carney, who is proceeding *pro se* in this matter, has not submitted any allegedly privileged documents to the Court for *in camera* review in accordance with Judge Schwab's Order.  (Id. at ¶¶ 2, 5).  Plaintiffs explain that Mr. Carney instead filed a "Response to Order," notifying the Court that he is continuing to produce all available documents directly to the parties, and that "'[n]o documents have been withheld from the Plaintiff[s'] attorney.'"  (Id. at ¶ 5 (quoting Docket No. 152, at 5)).

Plaintiffs further advise the Court that Mr. Carney has, in fact, produced to the parties directly via email "numerous documents evidencing communications between Defendants Carney, Irey, and/or Freeze and the DMC Defendants" which, Plaintiffs argue, constitutes a waiver of the attorney-client privilege.[3]  (Id. at ¶ 6).  Plaintiffs assert that Mr. Carney's disclosure of such attorney-client communications has rendered unnecessary the Court's *in camera* review of the documents, allegedly protected by the attorney-client privilege, that have been submitted

---

[1] The claims against the DMC Defendants are based on their legal representation of Defendants Alternative Energy Holdings, LLC ("AEH"), Kevin T. Carney, Robert Irey, and Jonathan Freeze (collectively, "the AEH Defendants").  (Docket No. 149, at 2).  The DMC Defendants claim that the documents that have been produced to the Court for *in camera* review are subject to the attorney-client privilege, and have declined to produce them to Plaintiffs absent consent by AEH.

[2] This case was reassigned to Judge W. Scott Hardy on September 23, 2020.

[3] Plaintiffs have attached to their Supplement, for the Court's review, a sample of the documents that purportedly contain attorney-client communications between the AEH Defendants and the DMC Defendants.  (Docket No. 55-1).

2

to the Court by the DMC Defendants.  (Id. at ¶ 8).  Plaintiffs, therefore, request that the Court amend Judge Schwab's September 15, 2020 Order and direct the DMC Defendants to produce to Plaintiffs all documents, purportedly protected by the attorney-client privilege, that it originally produced to the Court for *in camera* review pursuant to that order.

### B. Legal Analysis

"Privileges in federal court are 'governed by the principles of common law as they may be interpreted . . . in light of reason and experience.'"  Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 124 (3d Cir. 1986) (quoting Fed. R. Evid. 501).  A determination of whether "there is a valid claim of privilege is decided on a case-by-case basis."  Id. (citing Upjohn Co. v. United States, 449 U.S. 383, 396 (1981)).  As jurisdiction in this case is based upon diversity of the parties, see 28 U.S.C. § 1332, Pennsylvania law governs the waiver of privilege here.  See Murray v. Gemplus Int'l, S.A., 217 F.R.D. 362, 364 (E.D. Pa. 2003) (citing Fed. R. Evid. 501).

The general purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in observance of law and administration of justice."  Upjohn, 449 U.S. at 389.  While the attorney-client privilege applies to corporations as well as to individuals, "[a]s an inanimate entity, a corporation must act through agents," who are those authorized to act on its behalf, including with respect to waiving or asserting privilege.  Commodity Futures Trading Comm'n. v. Weintraub, 471 U.S. 343, 348 (1985); see Upjohn, 449 U.S. at 390; see also Maleski, 641 A.2d 1, 3 (Pa. Commw. Ct. 1994) ("Under the Pennsylvania Corporation Law, the authority to act on behalf of a corporation is vested in the directors and officers." (citing 15 Pa. C.S. § 1721)).  As the attorney-client privilege constricts the truth-finding process, it is to be construed

narrowly, and where an individual makes a voluntary disclosure of purportedly privileged communications to a third party, the attorney-client privilege is generally waived as to all other communications on the subject.  See Westinghouse Elec. Corp. v. Republic of the Phillipines, 951 F.2d 1414, 1423-24 (3d. Cir. 1991); Katz v. AT & T Corp., 191 F.R.D. 433, 439 (E.D. Pa. 2000); York Group, Inc. v. Pontone, Civil No. 10-1078, 2012 WL 12895529, at *1 (W.D. Pa. 2012).

In this case, based on consideration of the parties' oral argument, the Court's *in camera* inspection of the purportedly privileged documents submitted to it by the DMC Defendants, and careful review of the filings in this case (including the sample of documents containing attorney-client communications between the DMC Defendants and the AEH Defendants, produced to the parties by Mr. Carney), the Court finds that Mr. Carney's voluntary disclosure to the parties of documents, which may have been otherwise protected by the attorney-client privilege, waived the privilege on behalf of himself and AEH as to the subject matter of those documents.

The Court notes at the outset that Mr. Carney failed to appear at the telephonic status conference held in this matter on November 18, 2020, during which the Court heard argument from the parties regarding the DMC Defendants' production of documents.  (Docket No. 157). Further, Mr. Carney has not responded in any way to Plaintiffs' request that the Court direct the DMC Defendants to produce to Plaintiffs all documents that were originally produced to the Court as attorney-client privileged pursuant to Judge Schwab's Order.  (Docket No. 155). Similarly, Mr. Carney previously failed to file any response to Plaintiffs' original Motion to Compel Production of Documents (despite Judge Schwab's order to do so), upon consideration of which Judge Schwab ordered Mr. Carney and the DMC Defendants to submit purportedly privileged documents to the Court for *in camera* review (which Mr. Carney also failed to do).

(Docket No. 151).  Thus, Mr. Carney has failed to participate in the attempts to resolve this issue, other than by producing documents that contain attorney-client communications to the parties, and by advising the Court that he is not withholding any documents.

Turning to Mr. Carney's authority to act on behalf of AEH, in his "Response to Order" addressed to the Court, Mr. Carney provides his title as the "Managing Member" of AEH. (Docket No. 152, at 3.).  Similarly, the documents that Mr. Carney disclosed to the parties identify him as the "Manager" of AEH or as the "Acting CEO and CBDO" of AEH.  (Docket No. 155-1).  Moreover, based on the Court's thorough *in camera* review of the documents submitted by the DMC Defendants in response to Judge Schwab's Order (in which Mr. Carney's AEH titles include "Founder, CDO and Authorized Member," "Director, Founder, and CDO," and "Acting CEO and CBDO"), the Court concludes that Mr. Carney has clearly acted as an agent or officer of AEH authorized to make decisions on behalf of the corporation.  Therefore, the Court finds that Mr. Carney had authority to waive the attorney-client privilege on behalf of AEH when he chose to disclose the documents containing attorney-client communications to the parties in this case.[4]

Furthermore, the Court concludes that, when Mr. Carney provided the documents containing attorney-client communications to the parties, such disclosures were clearly voluntary.  See, e.g., Murray v. Gemplus, Int'l, S.A., 217 F.R.D. at 364-66 (providing examples of voluntary rather than inadvertent disclosure, including where a party took no remedial steps after disclosure of documents, or where a party did not object to the use of privileged

---

[4] The Court notes that Mr. Carney's waiver of the attorney-client privilege on behalf of AEH is based on his authority as an agent of AEH, and not on his previous attempt to act on behalf of AEH as its counsel in this matter.  (Docket No. 123, at 1 (wherein Judge Robert J. Colville noted that Mr. Carney, a non-attorney, could represent himself, but not AEH, in this action)).

documents). In this case, Mr. Carney chose to send the documents to the parties despite Judge Schwab's Order specifically instructing him to submit all allegedly privileged responsive documents to the Court for *in camera* review. (Docket No. 151, at ¶ 3). Moreover, after having done so, Mr. Carney filed a written response to Judge Schwab's Order, explaining that he "has forwarded in excess of 2,200 emails and over 2,500 company related documents to Plaintiff's attorney and copied all Defendants." (Docket No. 152, at ¶ 4). Mr. Carney also stated to the Court that he has not withheld any documents from Plaintiffs, and that he "will continue to forward any and all available documents." (Id.). Finally, Mr. Carney chose not to participate in the case status conference that was recently held, nor did he respond in any way to Plaintiffs' Supplement, to oppose Plaintiffs' assertion that he has waived the attorney-client privilege. Thus, the Court finds that Mr. Carney voluntarily disclosed the documents containing attorney-client communications to the parties in this case.

Additionally, as noted, supra, the general rule regarding voluntary disclosure of privileged attorney-client communications is that such disclosure waives the privilege as to all other communications on the same subject. See Katz v. AT & T Corp., 191 F.R.D. at 439; York Group, Inc. v. Pontone, 2012 WL 12895529, at *1. Upon review of the documents Mr. Carney produced to the parties and the documents produced to the Court by the DMC Defendants for *in camera* review, and because the Court has found Mr. Carney to be an authorized agent of AEH capable of acting on its behalf, the Court finds that Mr. Carney's voluntary disclosure to the parties of documents containing attorney-client communications between the AEH Defendants and the DMC Defendants waives the attorney-client privilege, on behalf of AEH and Mr. Carney himself, as to all other communications on the subject.

Finally, because the Court concludes that the communications in the documents Mr. Carney provided to the parties concern the same subject as the communications in the documents produced to the Court by the DMC Defendants for *in camera* review, the Court finds that Mr. Carney and AEH have waived the attorney-client privilege as to the documents submitted for *in camera* review as well.[5]  Accordingly, as the attorney-client privilege has been waived by AEH and Mr. Carney regarding the documents that the DMC Defendants have produced to the Court for *in camera* review, the DMC Defendants must produce such documents to Plaintiffs.

## II.  ORDER

For the reasons stated, the Court finds that Mr. Carney and AEH have waived the attorney-client privilege regarding the documents produced by the DMC Defendants to the Court for *in camera* review in accordance with Judge Schwab's September 15, 2020 Order. Accordingly, the DMC Defendants shall produce such documents to Plaintiffs by December 11, 2020.

IT IS SO ORDERED.

Dated:       November 24, 2020              *s/ W. Scott Hardy*
                                             W. Scott Hardy
                                             United States District Judge

cc/ecf:     Counsel of Record
            Kevin T. Carney (via U.S. Mail)

---

[5] The Court notes that, after careful review of the documents produced by the DMC Defendants to the Court for *in camera* inspection, those documents are to be produced to Plaintiffs either because they did not consist of communications entitled to attorney-client privilege protection in the first place, or because, to the extent some of those documents would have been protected by the attorney-client privilege, Mr. Carney waived that privilege, as discussed, supra.